**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-10386 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:18-cr-00008-APG-NJK-1 |
| | 2:18-cr-00008-APG-NJK |
| ROOSEVELT JONES, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted October 18, 2021[**]
San Francisco, California

Before:  WALLACE, GOULD, and BEA, Circuit Judges.

Roosevelt Jones appeals from the district court's revocation of his

supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jones argues the district court abused its discretion when it relied on the victim's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

testimony, which he deems unreliable, to find Jones violated two terms of supervised release.

The district court considered testimony from multiple witnesses, the police report, and photographic evidence. Based on this evidence, the district judge made a credibility determination that the victim's testimony about the identity of his attacker was better supported by the other evidence and was more reliable than that of Jones's girlfriend. The district court's factual findings were not clearly erroneous. *United States v. Lomayaoma*, 86 F.3d 142, 146 (9th Cir. 1996). Viewing the evidence in the light most favorable to the government, *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010), the district court had sufficient evidence in the record to support its finding, by a preponderance of the evidence, that Jones violated conditions of his supervised release. *United States v. Hilger*, 728 F.3d 947, 951 (9th Cir. 2013).

Jones urges this court to assess the evidence and reach a different conclusion. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Elliott*, 322 F.3d 710, 715 (9th Cir. 2003). Jones has not pointed to record evidence or presented argument sufficient to overcome the deference of the appellate court to the credibility determinations of the court before which the

hearing was conducted. "[W]e pay special deference to a trial court's credibility findings." *Id*.

**AFFIRMED.**